Wright, J. (Dissenting.)
On the petition of the respondent for the custody of her infant daughter, a justice of the supreme court, at chambers,- adjudged that she was entitled to its custody, and ordered that the appellant (its grandfather and guardian) forthwith deliver it to the mother. On appeal to the general term the order or decree was affirmed. The disposition of the custody of the child, in respect to its interest, and on the merits, I am inclined to think was *581 correct; and the only question is as to the power of the judge, sitting at chambers, and not at any special term of the court, to make the order. If he possessed the power, we should affirm his order; if not, and he was without jurisdiction or acquired none, it ought not to stand. The question, therefore, is quite important, as our decision in its consequences will reach far beyond the present case.
It is conceded that the late court of chancery of this state' had the power, on petition, to entertain a proceeding and make precisely such an order as is now the subject of review; and by the constitution of 1846, and the judiciary act of 1847, the power is vested in the supreme court of the state. (Const., art. 6, § 3; Laws of 1847, 323, § 16.) The office of chancellor was abolished, and the same powers and jurisdiction as were possessed and exercised by the court of chancery conferred on the supreme court. There is no doubt, therefore, that the present supreme court, as a court, is clothed with this branch of equity jurisdiction. There are thirty-two justices, any one of whom may hold the court, and at a regular term thereof take cognizance of either legal or equitable proceedings. But the old court of chancery has not given place to thirty-two distinct equity courts, with a like number of chancellors. The chancellor’s court was always open, not only for the issuing and return of process, but for other purposes. The power to appoint stated and special terms was lodged with the chancellor, and he might alter them at pleasure.' The only statutory restriction on the power was that at least two stated terms should be held in the city of Albany, and two in the city of New-York, in every year. (2 R. S., 176, § 48.) If it be true that the present supreme court is always open, and a judge thereof may exercise his judicial functions and powers at times and places other than those fixed by law, in cases not expressly sanctioned by the legislature; if he may hold a court of equity at any time and in any place, and make orders and decrees in equitable proceedings; then was this proceeding *582 properly entertained at chambers by. Judge Mason, and liis order became-a judgment or order of the supreme court, and, I think, not-reviewable on the merits.
I am of the opinion, however, that the order was without authority, and for the reasons that I shall proceed briefly-to state. -Though the present supreme court possesses the powers of the old court of chancery, and the justices of that court have the power of the late chancellor, that power must be exercised at a regularly appointed term of the supreme court, unless in cases where the legislature has authorized an act to be done by a judge out of -court. This at least, has been the -generally received opinion heretofore of-the judges of-that court. All suits.and proceedings in .equity are to be first heard and determined, and orders and decrees made at a special term -of the supreme court. (Judiciary act, Laws of 1847, 325, § 20.) In the first judicial district, but in none other, a motion which is defined to be an application for an order, may be made to a judge or justice out of court. (Code, § 401.) A motion to change the venue cannot be made at chambers, except in the first district. (Schenck v. McKie, 4 How. Pr. R., 248.) An order of a judge made at chambers, staying proceedings beyond the time limited by statute, is an excess of power beyond the statutory limitation, and void. The supreme court, unlike the late court of chancery, is not always open, except fo.r -the issuing and return of process. (Laws of 1847, 335, § 57.) It is not open for general purposes. The places for holding the circuits and special terms of the supreme court, •are those designated -by the statute for holding county and circuit courts. (Code, § 24.) The times are fixed by the judges of each district pursuant to law. The times and places in the respective districts are to be biennially designated. (Code, § 22.) All courts must be held at the places fixed by law, and at the times appointed by the judges, or in case of extraordinary terms, by the governor. (Code, §§ 22, 23.) They cannot be opened or held at any other *583 place or time, and are never open for the transaction of business,, or the hearing and determination of suits or proceedings in equity, or the making of orders or decrees therein until the time appointed. A justice of the supreme court, holding a special term, and in court, may entertain an equitable proceeding to dispose of the custody of an infant, and even order such infant to be taken from its guardian, who, bylaw, is entitled to its custody (2 R. S., 150, §§ 1, 2, 3, 9), but he cannot entertain such a proceeding out of court. He cannot open or hold court at any place or time, at the instance and pleasure of litigants. He might entertain proceedings at chamber^, Under the habeas corpus act, and if the child be illegally detained or imprisoned, order its release, for this the statute authorizes a j udge to do, and so also was the special power conferred on the late chancellor; but he cannot, at chambers, exercise the powers of the chancellor in respect to an equitable proceeding to obtain the custody of an infant not illegally detained, because that is not a place where a court is appointed to be held, and there is no court open at such place. He is not authorized to do the thing out of court. The disposition of the custody of infants is a branch of equity jurisdiction pertaining to the supreme court itself, and is not possessed, nor can it be discharged by one of th¿ justices thereof, except at a regularly appointed session or term. The court is not always open at his chambers, nor can he appoint a special term to be held thereat. Whilst, • therefore, there is no doubt of the authority of the supreme court to make an order respecting the custody of an infant, and even exercise the discretionary power Of taking it from its legally appointed guardian; and at an appointed term of such court, Judge Mason- might rightly have exercised -the -jurisdiction ; out of court, though a judge thereof, he was without authority. The order that he assumed to make was a nullity. It is urged that it is convenient that the judges of the supreme court should be allowed to hold courts, and *584 exercise j udicial functions in special proceedings, at chambers, but the law not having authorized it it is a mere question of power, and there is no force in the argument of convenience. When the legislature shall authorize a judge of the supreme court to entertain suits and proceedings in equity at his chambers, and judicially determine the legal and equitable rights of parties, they may be deemed to possess the power assumed in this case, but not before.
The order should be reversed.
A. S. Johnson, Selden, Comstock, and Hubbard, Js., concurred in the opinion of Mitchell, J.
.T. A. Johnson, J., concurred in the foregoing opinion by Wright, J.
Denio, C. J., took no part in the decision.
Order affirmed.